DIXON, Justice.
Rial Diles was arrested immediately after the armed robbery for which he was charged by a policeman who happened to be patrolling in the area. Diles and a companion had robbed a female attendant at a dry cleaning establishment in New Orleans. As the two fled the scene the victim noticed the police car in the area and directed the officers’ attention to the robbers. The officers chased the defendant and his companion. The defendant’s companion was shot and fatally wounded after he pointed his revolver at one of the pursuing police officers. The defendant was arrested, charged with armed robbery, and then interrogated by two detectives. As a result of the interrogation, the police obtained a confession in the form of a typed statement of questions and answers signed by the defendant. This document was introduced at the trial. The trial jury found the defendant guilty as charged and he was subsequently sentenced to twenty-five years at hard labor.
Six bills of exceptions were reserved by the defendant at trial. Bills *397 Nos. 1, 2, 4 and 6 are submitted by the defendant without brief or argument. These bills are deemed abandoned. State v. Domingue, 298 So.2d 723 (La.1974); State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
The 3rd and 5th bills of exceptions raise the same issue and have been consolidated by the defendant. Both bills urge that the trial judge erred in admitting into evidence the confession of the defendant. The defendant argues that he was emotionally upset because he had seen his friend fatally wounded and because he had been identified at the scene of the arrest by the victim. Furthermore, defendant testified that he was severely beaten before he signed the alleged confession which he claims is not really his confession at all but rather a statement prepared by the police.
The sole issue for review is whether the trial judge properly concluded that the confession was free and voluntary and was not obtained through fear, duress or promises. The State has the burden of proving the voluntariness of the confession. R.S. 15 ¡451-452. The evidence offered by the State during the motion to suppress was that the defendant was informed of his rights by the interrogating officers. (A copy of the waiver of rights form admittedly signed by the defendant was introduced into evidence). The officers further testified that they did not physically abuse or harm the defendant and that he was never struck or beaten from the time he was brought to the detectives for questioning until they had obtained the full confession and he had signed it. The officers further testified that the defendant willingly cooperated with them and that the confession was obtained by one of the officers asking the defendant questions and the defendant responding. A stenographer typed the questions and answers as they were given. The stenographer took the stand and confirmed the statements of the interrogating officers.
The record amply supports the conclusion that the confession was freely and voluntarily given. Although defendant argues he was emotionally upset at the time he gave the statement, he admitted that he was clear-headed at the time of the interrogation and that he knew that he had the right to remain silent and to have an attorney present. The trial judge correctly concluded that the confession was freely and voluntarily given by the defendant. It was properly admitted at trial.
These bills of exceptions are without merit.
Accordingly, the judgment and sentence are affirmed.