320 So.2d 538 (1975)
STATE of Louisiana, Appellee,
v.
Edward J. SCOTT, Appellant.
No. 56220.
Supreme Court of Louisiana.
October 1, 1975.
Rehearing Denied November 4, 1975.
*539 Guy Johnson, Bernard S. Dolbear, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant Scott was convicted of armed robbery, La.R.S. 14:64, and sentenced as a multiple offender, La.R.S. 15:529.1, to serve one hundred years at hard labor. His appeal presents eight assignments of error. Despite ingenious presentation by his counsel, these assignments present to substantial issue for reversal.
Context Facts:
Two armed robbers invaded a doctor's office in mid-afternoon. Eight peoplea doctor, some office workers, a visitor, and two patientswere forced to lie on the floor, tied, and robbed. Cash, wallets, watches, and other property were taken from them. At the trial, two of those robbed positively identified the accused as one of the robbers.
An hour after the robbery the defendant Scott was arrested as he attempted to use a credit card stolen in the robbery to purchase some clothing at a department store. (The victim had reported it as stolen immediately after the robbery.) He was released on bail.
When police investigation connected the stolen credit card with the present robbery, *540 police officers went to his home the next day (November 1) and arrested him for it. At that time, despite Miranda warnings, he made certain incriminating statements and consented to a search of his premises. As a result of the search, the police seized two leather coats similar to those worn by the robbers and some shotgun shells and a pistol bullet. (The robbers had been armed with a shotgun and with a pistol, which was subsequently recovered along with the stolen watches when Scott's identified companion, Smith, was arrested and led them to where they were hidden.)
Assignments of Error:
We find no reversible merit to the assignments of error:
Assignment 1: The defendant entered a continuing objection, which was overruled, to any evidence of the department store theft on the ground that it was evidence of another crime introduced without compliance with the requirements of State v. Prieur, 277 So.2d 126 (La.1974). Prieur, however, was designed only to regulate evidence of unrelated crimes otherwise-inadmissible except as permitted by La.R.S. 15:445, 446 to prove knowledge, intent, or system. See Prieur at 277 So.2d 130; State v. Banks, 307 So.2d 594 (La.1975); State v. Jefferson, 284 So.2d 882 (La.1973). The circumstances surrounding the department store theft by use of a credit card stolen in the robbery were independently admissible as relevantly tending to prove that the accused was a principal in the robbery as utilizing the proceeds thereof. See State v. Davis, 311 So.2d 860 (La.1975).
Assignments 2 and 5: Under current holdings of this court, the police officers were not required to produce for inspection at the trial the police reports which they had utilized out of court to refresh their memory as to oral statements given them by the accused; at least in the absence of a showing that they contained statements contrary to the witness' trial testimony. See, e.g., State v. Lane, 302 So.2d 880 (La.1974) and State v. Adams, 302 So.2d 599 (La.1974).[1]
Assignments 3 and 7: These assignments complain that the arrest of the accused at his home on November 1 was illegal, since without a warrant, and that therefore the products of it (incriminating statements, physical evidence, and investigative leads) should be excluded. Aside from other demerits, the argument overlooks that a peace officer may arrest a suspect without a warrant if he "has reasonable cause to believe that the person to be arrested has committed an offense although not in the presence of the officer." La.C.Cr.P. art. 213(3). The accused's use of a credit card stolen in the robbery an hour earlier entitled the detectives to a reasonable belief that he was involved as a principal or accessory in the robbery. Based on such reasonable cause, the warrantless arrest by the officers was legal. See State v. Johnson, 255 La. 314, 230 So.2d 825 (1970).
Assignment 4: The motion for a directed verdict and/or a mistrial was properly denied. The action was based on the theory that the evidence showed a robbery by Smith, the defendant's companion in the robbery according to witness identification (Smith pleaded guilty), in which the accused himself did not participate.
The defendant does not contend that the evidence as to Smith's participation and subsequent actions in hiding the weapons and proceeds was inadmissible if he was a principal, La.R.S. 14:24, along with the accused. His motion is based solely upon his argument that the evidence shows that Smith and a third person committed the *541 robbery (and that, allegedly, the accused innocently received the stolen credit card from Smith after the robbery).
Based on these factual grounds, the motion is plainly without merit. There was more than some evidence, including eyewitness identification of the accused Scott as a principal in the robbery itself, of the defendant's guilt of the offense. See State v. Douglas, 278 So.2d 485 (La.1973).
Assignment 6: The defendant contends that the state improperly introduced evidence in rebuttal. In rebuttal, the state proved an oral confession made by the defendant to a detective at the time of the line-up on November 6, five days after his arrest.
He particularly complains of the trial court's refusal to permit him to take the stand after the state's rebuttal testimony in order to counter this new evidence.
During the defendant's case in chief, he had taken the stand and had explained his version of how he came into possession of the stolen credit card. On cross-examination as a predicate for introducing the present confession, he was asked if he had made the statement later introduced in rebuttal at the time and place to the detective. La.R.S. 15:493.
Before the confession was introduced on rebuttal, a predicate was laid outside the presence of the jury to establish its voluntariness or not, with the defendant permitted to testify as to alleged coercion. La.R.S. 15:451. Tr. 302-307. The trial judge then ruled that the confession was admissible.
Nevertheless, when the jury was recalled and the state presented its predicate for the voluntariness of the confession, the trial judge permitted the defendant to testify before the jury that the confession was coerced and involuntary, the sole evidence he had introduced in traversing the predicate outside the presence of the jury. Tr. 308.
No authority is cited that the procedure utilized is contrary to law. See: La.R.S. 15:282; State v. Kaufman, 211 La. 337, 30 So.2d 337 (1947). The state elected to introduce the confession in rebuttal, as a prior inconsistent statement, instead of in its case in chief. Any prejudice the defendant may have thereby sustained is dispelled by the action of the trial court in permitting the accused to testify before the jury, as part of the predicate, as to his defense of involuntariness; he was thus not deprived of jury-evaluation of the weight of the confession in the light of evidence of involuntariness introduced on his behalf.
The assignment presents no reversible merit.
Assignment 7: This presents a factual issue as to the voluntary nature of the inculpatory statements of November 1 and of the confession of November 6. The trial court's per curiam correctly analyzes the evidence as showing no coercion. The trial court's factual determination as to voluntariness of a confession will not be disturbed on appeal unless clearly erroneous. State v. Diles, 316 So.2d 396 (La. 1975); State v. Vessel, 260 La. 301, 256 So.2d 96 (1972).
Assignment 8: The defendant's counsel objected to a question by which the defendant was asked whether a previous witness, a police officer, was lying as to a particular matter. Normally, this type of question is not permissible as an argumentative question unfairly requesting an opinion of one witness as to the credibility of another and as invading the function of the jury. McCormick on Evidence, Section 7 (2d ed., 1972); 98 C.J.S. "Witnesses" § 411, p. 213. Even in the present case, its propriety is doubtful. However, as stated by the trial court in its per curiam, the accused previously had freely admitted to lying on several occasions and had rather freely accused other witnesses of lying. Within the limited and peculiar *542 context of the accused's testimony, the use of this question on this occasion does not present reversible error.

Decree
Finding no reversible error, we affirm the conviction and sentence.
Affirmed.
SUMMERS, J., concurs.
NOTES
[1] In concurring to the court's opinion on original hearing in State v. Babin, La., 319 So.2d 367, the writer noted scholarly criticism of this jurisprudence and suggested it should be re-evaluated.