CALOGERO, Justice.
Paul Clay, Jr. was charged by bill of information with “theft of one tape player, one purse and credit cards having a value in excess of $100.00 in the lawful money of the United States of America, property of Mr. and Mrs. Neil Babineaux, in violation of the provisions of R.S. 14:67.” A plea of not guilty was entered. Following trial, the accused was convicted by a five-man jury which returned a unanimous verdict of guilty of theft of property of $100.-00 in value. A motion for new trial was denied. Thereafter, Clay was sentenced to serve two years at hard labor under the supervision of the Louisiana Department of Corrections. Six assignments of error are presented on his appeal.

ASSIGNMENTS OF ERROR NOS. 1, 2 and 3.

These are argued in defendant’s brief as a unit. The assigned errors as related in defendant’s brief are as follows:
“1. The information filed in this proceeding is defective in that it fails to conform with the definition of value of the items as stated in Louisiana R.S. 14:67.
“2. The jury rendered an improper verdict and the court erred in accepting that verdict and in failing to remand it to the jury with proper instructions.
“3. The jury returned an improper verdict of theft of property of $100.00 in value.”
A single argument is made under these assigned errors, i. <?., that the verdict rendered by the jury was improper. Defendant reasons that since the information charged the theft of items of a value in excess of $100.00, and the statute, La.R.S. 14:67, defines theft and then grades the offense according to the value of the property taken, the verdict of the jury finding him guilty of theft of property “of $100 in value” is not responsive. He also contends that the jury, having been advised that the bill of information charged defendant with a theft of property valued in excess of $100.00, and having been instructed on the grades of a theft offense under R.S. 14:67, may have been attempting to find him guilty of a lesser grade, i. e., less than $100.00 when they designated a value of $100.00 in value.
That portion of R.S. 14:67 charged herein (the information listing items having a value in excess of $100.00) is the third paragraph of the statute stating in pertinent part:
“When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars . . . ” (Emphasis provided)
*397 Responsive verdicts to the charge of theft under article 814 of the Louisiana Code of Criminal Procedure (1973) are these:
“Theft:
Guilty.
Guilty of theft of property of - dollars in value.
Guilty of attempted theft. x
Guilty of unauthorized use of movables.
Not guilty.”
The verdict herein returned by the jury, “Guilty of theft of property of $100.00 in value,” was thus responsive to the charge and was not an improper verdict as alleged.[1]
Furthermore, we find no merit in defendant’s contention that the jury in finding defendant guilty of theft of property of $100.00 in value might have meant to find him guilty of property worth less than $100.00.
Assignments of Error Nos. 1, 2 and 3 are without merit.

ASSIGNMENT OF ERROR NO. 4.

 It is contended that the court committed reversible error in allowing evidence of other crimes committed by the defendant to be introduced into evidence over objection by defendant, a violation of State v. Prieur, 277 So.2d 126 (La. 1973). No Prieur notice had been given.
The context facts important to a consideration of this objection follow. Mr. and Mrs. Babineaux, the owners and operators of the Western Auto Store in Rayne, Louisiana, from where the stolen items were removed, testified that a tape player and wallet containing money and several credit cards were taken on the date of the theft. They identified a Penney’s credit card as one belonging to them and stolen on that date. They also testified that on the date of the crime they observed two black men (one identified by them as Paul Clay, the defendant) and a black female (described) in the store just prior to the theft. Mrs. Babineaux was engaged in filling out a credit application for the female, which was not completed, while the men browsed around the store in the vicinity of the tape players. When they left, it was discovered that a tape player and a wallet from the purse of Mrs. Babineaux, containing a small amount of money ($3.00) and several credit cards, were missing.
The state called an employee of Penney’s in Lafayette, who was employed there on the date of the theft in the jewelry department, and she was asked if this identified credit card in the name of James N. Babi-neaux had been seen before by her. She answered that it had. When asked under what circumstances, she replied that it was presented to her in the fine jewelry department of Penney’s on November 13, 1975 (the date of the theft). Upon questioning she then described as the person who had presented the credit card to her a black female, and gave her physical characteristics, and clothing. Objection was made by defendant that this was evidence of another crime. Following a discussion out of the presence of the jury, the trial judge ruled that he was not going to allow the prosecution to show another crime, but he would allow the state to show by this witness the possession of the stolen credit card at Penney’s by a black female, otherwise unidentified by the Penney’s employee. Nothing more than this possession by someone other than defendant was shown. No other details of the Penney’s transaction were elicited from this witness. The testimony did *398 not indicate defendant Clay was in possession of the credit card at Penney’s, nor even that defendant was in the company of the black female (although by his own later testimony defendant admitted that upon leaving the Western Auto Store in Rayne he drove his male and female companions to the Penney’s store in the mall in Lafayette). Thus no other crime by defendant Clay at Penney’s was shown by the evidence admitted here over defendant’s objection. The judge apparently made a conscientious attempt to avoid even a flirtation with possible error, for in addition to the restrictive nature of the evidence admitted of this Penney’s incident, the judge deleted the last paragraph of defendant’s inculpatory statement before admitting it in evidence. This deleted paragraph had contained reference to the use of the stolen credit card at Penney’s. See footnote 2, infra. Actually had the judge permitted a showing of complicity by the defendant in the Penney’s incident, such would not have violated Prieur. In a case quite similar to the present, State v. Scott, 320 So.2d 538 (La.1975) we stated:
“The defendant entered a continuing objection, which was overruled, to any evidence of the department store theft on the ground that it was evidence of another crime introduced without compliance with the requirements of State v. Prieur, 277 So.2d 126 (La.1974). Prieur, however, was designed only to regulate evidence of unrelated crimes otherwise-inadmissible except as permitted by La. R.S. 15:445, 446 to prove knowledge, intent, or system. See Prieur at 277 So.2d 130; State v. Banks, 307 So.2d 594 (La.1975); State v. Jefferson, 284 So.2d 882 (La.1973). The circumstances surrounding the department store theft by use of a credit card stolen in the robbery were independently admissible as relevantly tending to prove that the accused was a principal in the robbery as utilizing the proceeds thereof. See State v. Davis, 311 So.2d 860 (La.1975).”
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 5

The refusal to grant a directed verdict is the basis of this assigned error.
Defendant contends there was no evidence that the value of the property was in excess of one hundred dollars. Presumably he is now also contending that there was no evidence that the value of the property taken was “$100.00 in value.” Essentially he contends that the state’s evidence was too indefinite or imprecise to establish the exact value of the items taken.
The owners, Mr. and Mrs. Babi-neaux, testified as to the value of the items. Mrs. Babineaux said that “with tax and everything” the value was a little over $100.00 and that the wallet was “probably” valued at about $5.00. Mr. Babineaux testified that the tape player had a value of $99.95. Both testified that additionally seven or eight credit cards were taken. We find this evidence sufficient to establish the value of the items taken as at least the $100.00 found by the jury. More prior proof of value is not required.
Assignment of Error number five is without substance.

ASSIGNMENT OF ERROR NO. ó.

Here, defendant complains that the court erred in allowing his inculpatory statement to be introduced into evidence without sufficient evidence as to its voluntary nature.[2] Attention is directed to the *399 voluntary waiver form which is said not to contain a date, time or place. Further, it is pointed out that it is not attached to the statement but was merely placed in the file. Defendant submits that the court should not have admitted the statement without further proof that the voluntary waiver was actually given at the time the statement was taken.
*398 “My name is Paul Clay, Jr.
My address is 128 Nancy Lane, Lafayette, La.
I am 24 years old.
“Last Wednesday afternoon at about 2:00 or 3:00 in the Afternoon, Me, Purley Sam. and Blinda Gayle Strauss went to the Western Auto Store in Rayne, La. Gayle wanted to open a credit account there. We all got down and went inside. She was filling out some kind of application. I left the store and crossed the street and went to the drug store. When I came out of the drug store they were in the car. When we got *399 in seott her and Furley started talking about some credit cards. Furley asked her if she knew how to cash them. They had different kind of cards. They had a penny card. This is when I percieved that he had got the card out of the store. Furley asked to go to penny’s in the mall in Lafayette. “We went to Penny’s in the mall. Gayle Strauss and Furley went into J. C. Penny’s in the Mall. They went to the Jewelry counter. I heard them saying that they wanted to buy a ring. I walked around while they were at the counter. The manager of the place asked if she had some kind of Identification. They got to talking. The man asked me if I was her husband. Gayle told him no. The man asked her to come up stairs, that he wanted to talk to her. I walked out of the store. Furley done left. The man had got the card from her. Her and Furley got in the car. They also had a tape player in- the car. I don’t know if Gayle took it or Furley took it. I don’t know who Furley sold it too. We went to Woolcos. We didn’t buy nothing.”
While it is true that the waiver form neither contains a date nor a notation of the time and place it was signed, the testimony of deputies John Arceneaux and Kenneth Goss, police officers present when it was signed, established the day, time and place of its execution. In fact they detailed the time, place and manner of taking the statement and pointed out that defendant was, at that time, advised of his rights and that he read and signed the waiver form. Furthermore, the signatures of both deputies Arceneaux and Goss appear on the waiver form as witnesses. Thus the contention that the waiver could not be used is without merit. The voluntary nature of the statement was also proved by the testimony of these officers.
This assignment of error is therefore without merit.
For the foregoing reasons the conviction and sentence of the defendant herein is affirmed.

. It is to be observed that the sentence imposed was two years at hard labor, the sentence provided for in La.R.S. 14:67, third paragraph, wherein it is provided “the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars or both.” No complaint is made that the sentence was not in accordance with law.

. The substantive portion of the voluntary statement was as follows: