408 So.2d 1262 (1982)
STATE of Louisiana
v.
Larry DONAHUE.
No. 81-KA-1358.
Supreme Court of Louisiana.
January 25, 1982.
*1263 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Madeleine Slaughter, John Craft, Asst. Dist. Attys., for plaintiff-appellee.
Michael S. Gallagher, John M. Standridge, John P. Nelson, Supervising Attys., New Orleans, Dennis Krystek, Gary W. Bizal, Student Practitioners, Loyola Law School Clinic, for defendant-appellant.
JASPER E. JONES,[*] Associate Justice Ad Hoc.
On May 15, 1980, Larry Donahue was convicted by a jury of armed robbery in *1264 violation of LSA-R.S. 14:64.[1] The State then filed a bill of information charging that Donahue had a prior felony conviction for simple robbery in violation of LSA-R.S. 14:65, and that he should be sentenced under the Habitual Offender Law, R.S. 15:529.1. On June 20, 1980, after a sentencing hearing where the defendant admitted his prior conviction of simple robbery, the district judge imposed a sentence of 198 years, the maximum allowable in this case under LSA-R.S. 15:529.1(A)(1).[2] On appeal Donahue relies upon ten assignments of error for reversal of his conviction and sentence.
FACTS
On July 28, 1979, a group of University of Mississippi students came to New Orleans for a fraternity rush party. After arriving in the city the group went to a hotel and then to the French Quarter for the evening's festivities. Throughout the course of the night and into the early morning hours of the next day, July 29, the group visited various French Quarter nightspots. In the early morning hours of July 29 the students met the appellant.
Appellant told the students that he knew a place where they could meet some girls. Two of the students, David Eagleson, Jr. and Stephen Turner, went with Donahue to meet the girls. On the way the trio stopped in another bar where Donahue bought the two students beers and used the telephone. They then continued on their trip to meet the girls with Donahue leading them into the Iberville Housing Projects.
After they reached the projects, Donahue left the two young men on the steps of one building while he went into another. When Donahue emerged he and the students continued down the street. As the three walked along Donahue suddenly grabbed Turner and held a knife to his throat while another man jumped from some nearby bushes and held a pistol on Eagleson.
The robbers then moved Eagleson and Turner into a corner and forced them to the ground. The robbers took the students' wallets and Donahue became upset when he discovered that Eagleson's wallet contained no money. The victims' shoes were then removed and when no money was found secreted there Donahue instructed his pistol wielding colleague to shoot the victims. Fortunately, Donahue's accomplice did not comply with his instructions. The robbers then fled and the victims went to the police.
In the afternoon of the day of the early morning robbery Donahue tried to purchase a gold chain with Eagleson's mother's Visa Card which had been taken in the robbery.
The merchant noticed that the card was in a woman's name and that the address and signature Donahue had given did not match the address and signature of the owner of the card. The merchant concluded that the card was not Donahue's and refused to give him the merchandise or to return the card.
Donahue left the store and the merchant summoned a nearby policeman and pointed out Donahue to him. The officer then went after Donahue who was apprehended a few *1265 blocks from the store and charged with forgery.
Later the police connected the credit card Donahue had tried to use with the hold up of Eagleson and Turner. After Eagleson picked Donahue in a photographic line-up and identified him as one of the robbers, the police arrested appellant and charged him with armed robbery.
ASSIGNMENT NO. 1
In this assignment of error appellant contends that it was error to allow the state to use evidence of his apprehension through the discovery of his attempt to use the stolen credit card at his trial for armed robbery. Appellant argues that this was an impermissible use of other crimes evidence.
This contention is without merit. Evidence of the use of a stolen credit card is independently admissible to prove that the user of the card was a principal in the robbery in which the credit card was taken. State v. Scott, 320 So.2d 538 (La.1975).
ASSIGNMENT NO. 2
Appellant argues that the trial court erred in permitting the use of hearsay testimony. The testimony complained of was Eagleson's testimony that he had heard a conversation between his friend Turner and Donahue about going to meet some girls.
Hearsay is testimony as to an out of court statement offered to show the truth of the matter asserted. McCormick, Evidence, 2d Ed., 584. The testimony objected to was not offered to prove the truth of the matter asserted. It was offered to show why Eagleson and Turner went off with Donahue. Therefore, the evidence was not hearsay and was properly admitted.
ASSIGNMENT NO. 3
Appellant assigns as error the failure of the trial judge to instruct the jury on the limited purposes for which other crimes evidence may be used as required by State v. Prieur, 277 So.2d 126 (La.1973).
The requirements of Prieur apply when other crimes evidence is admitted under the exceptions outlined in LSA-R.S. 15:445 and 15:446. Prieur, supra. The other crimes evidence in this case which related to appellant's attempted use of the stolen credit card does not depend on those exceptions for its admissibility. It is independently admissible, Scott, supra, and, therefore, the instructions required by Prieur were not required to be given in this case.
ASSIGNMENT NO. 4
Appellant contends that the trial judge erred in failing to give a requested jury instruction to the effect that a reasonable doubt could be based on the lack of evidence, and by giving a confusing instruction.
The substance of the requested charge was included in the general charge given by the trial judge, therefore, it was proper for the trial judge to refuse to give the requested charge. LSA-C.Cr.P. art. 807.[3] Examination of the charge given reveals that while it is not as clear as it might have been, it was not so confusing that the jury would not understand it.[4] The jury was specifically informed that doubts could *1266 be based on the evidence "... and/or the lack of evidence that you heard on the trial of this case."
The instruction which this court held to have been erroneous in the case of State v. Gibbs, 355 So.2d 1299 (La.1978), because it did not advise the jury that it was entitled to acquit "because it was not convinced beyond a reasonable doubt because of lack of evidence as to an essential element of the crime" did not contain the reference to lack of evidence contained in the charge here given. For this reason the Gibbs case relied upon by appellant is inapplicable and this assignment of error is without merit.
ASSIGNMENT NO. 6
Appellant argues that it was error for the trial judge to use an unconstitutionally obtained prior conviction to enhance his sentence. This argument is based on appellant's contention that his prior conviction for simple robbery is unconstitutional because he was not informed of his right to counsel on appeal before he entered his guilty plea. Appellant relies on Boykin v. Alabama., 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) for the proposition that a defendant must be informed of his right to counsel on appeal before he can enter a valid guilty plea.
Boykin requires that guilty pleas be intelligently and understandingly made to be valid. In order to effectuate that end Boykin requires that a defendant be informed of three rights[5] he is waiving by pleading guilty before he can enter a valid guilty plea. The right to counsel on appeal is not among those rights. It is not necessary to inform a defendant to his right to counsel on appeal in order for him to intelligently and understandingly enter a guilty plea.
This assignment of error is without merit.
ASSIGNMENT NO. 7
In this assignment appellant attacks his sentence as invalid by reason of its being imposed without compliance with LSA-C. Cr.P.art. 894.1.[6]
Examination of the record of the sentencing hearing shows that the trial judge considered *1267 appellant's record and his instructions to his accomplice to shoot the victims, and found an extreme danger that appellant would commit another crime, probably murder, if he had the opportunity.[7] The trial judge felt extended imprisonment was required to deny appellant an opportunity to engage in criminal conduct.
Though the trial judge did not enumerate each factor under Art. 894.1 in the sentencing hearing, he did explain his reasons for imposing the sentence. He stated: "for the record the considerations taken into account and the factual basis therefor in imposing sentence." That is sufficient to comply with Art. 894.1. State v. Douglas, 389 So.2d 1263 (La.1980).
This assignment of error is without merit.
ASSIGNMENT NO. 8
Appellant assigns as error the trial court's imposition of an excessive sentence. In his brief appellant also characterized the sentence as cruel and unusual.
A sentence is excessive and violates La.Const.Art. 1, § 20 if it is grossly out of proportion to the severity of the crime or nothing more than the purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La. 1980); State v. Guiden, 399 So.2d 194 (La. 1981). Cruel and unusual punishments are those that are barbarous, extraordinary or grossly disproportionate to the offense but imprisonment for long periods of time is not necessarily cruel and unusual punishment. State v. Dillard, 320 So.2d 116 (La.1975).
The 198 year sentence imposed in this case is severe. However, there is no doubt that the crime Donahue committed called for severe punishment. Donahue and an accomplice committed armed robbery of two people and when the robbery did not prove to be as fruitful as Donahue had hoped, he instructed his associate to shoot the victims. The trial judge felt that if appellant returned to the street he would commit even more serious crimes in the future.
In the case of State v. Jolla, 337 So.2d 197 (La.1976), this court rejected the contention that a possible maximum sentence of 198 years was cruel and excessive punishment under the 1974 constitution.
In the case of State v. Curtis, 363 So.2d 1375 (La.1978), this court rejected the contention of a second offender convicted of armed robbery that his sentence of 198 years was cruel, unusual and excessive under Art. 1, § 20 of the Louisiana Constitution of 1974.
The sentence in this case is commensurate with rather than grossly out of proportion to the severity of Donahue's offense. The extended imprisonment is not needless and purposeless, but done to negate the appellant's opportunity to commit such crimes in the future. The sentence is not barbarous and as is shown by Curtis not extraordinary. This sentence is not cruel, excessive or unusual. Curtis; State v. Lee, 364 So.2d 1024 (La.1978); State v. Williams, 326 So.2d 815 (La.1976).
This assignment of error is without merit.
ASSIGNMENTS NO. 5 and 9
Assignment five assigns as error the trial judge's failure to grant appellant's motion *1268 for new trial based on five grounds.[8] Assignment nine assigns as error the trial court's failure to grant a new trial on grounds that the verdict is contrary to law and evidence which is the first ground asserted in the overruled motion that is the subject of assignment five.
The fifth ground asserted in the overruled motion that is the subject of assignment five is that "[T]he ends of justice would be best served if a new trial was granted." Id. R. 62. Appellant does not address this ground in his brief, and we will not consider it here.
The second, third and fourth grounds argued in the overruled motion formed the basis for assignments six, one and two respectively, and do not justify a new trial for the reasons set forth in our discussion of each of those assignments of error.
We now turn to the claim asserted in both assignments five and nine, that the verdict was contrary to law and evidence. Appellant has not attempted to show us how the verdict was contrary to law or evidence in his brief. We assume that these complaints are directed to the sufficiency of the evidence.
A claim of insufficient evidence is judged by whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. State v. Moody, 393 So.2d 1212 (La.1981); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The only serious issue in this case was the identity of Donahue as one of the robbers. To prove that it was Donahue who committed the crime the state presented evidence of Eagleson's identification of Donahue in the photographic lineup, an in court identification by Eagleson of Donahue as one of the robbers, and evidence that only a few hours after the crime Donahue was in possession of and using a credit card taken in the robbery. Appellant attempted to rebut that evidence with alibi testimony that he had been playing cards at the time of the robbery.
It is apparent that the jury, as it was entitled to do, did not believe the alibi witnesses and instead believed the prosecution witnesses who provided ample evidence for a reasonable trier of fact to find each element of the crime, and that Donahue was one of the perpetrators beyond a reasonable doubt.
These assignments of error are without merit.
ASSIGNMENT NO. 10
This assignment assigns as error all errors patent on the face of the record. There being none, this assignment is without merit.
DECREE
The conviction and sentence appealed from are AFFIRMED.
NOTES
[*] The Honorables Pike Hall, Jr., Charles A. Marvin, Jr. and Jasper E. Jones, Judges of the Court of Appeal, Second Circuit, participated in this decision as Associate Justices ad hoc, joined by Associate Justices John A. Dixon, Jr., C.J., Walter F. Marcus, Jr., Fred A. Blanche, Jr. and Harry T. Lemmon.
[1] R.S. 14:64A. Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.

B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and not for more than ninety-nine years, without benefit of parole, probation or suspension of sentence.
[2] R.S. 15:529.1(A)(1)A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:

(1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction;
[3] C.Cr.P.art. 807The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.

A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.
[4] "You are prohibited by law and your oath from going beyond the evidence to seek for doubts upon which to acquit the accused, but must confine yourself strictly to a dispassionate consideration of the testimony given upon the trial. You must not resort to extraneous facts and circumstances in reaching your verdict. That is, you must not go beyond the evidence to find facts or circumstances creating doubts, but must restrict yourselves to the evidence, and/or the lack of evidence that you heard on the trial of this case. You are the exclusive judges of the facts." (R., Tr., p. 127.)
[5] Boykin requires that a defendant be advised that by pleading guilty he waives: (1) the privilege against self-incrimination; (2) the right to trial by jury; (3) the right to confront his accusers.
[6] C.Cr.P.art. 894.1A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:

(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
[7] "... It wasn't this defendant's fault that nobody got hurt. As you'll recall the testimony in this case was that he urged the other perpetrator to shoot one of those victims. And, the other perpetrator didn't want to shoot him, so he didn't shoot him. If it would've been up to this man, there'd been a murder case. It's a typical criminal path that this man has followed. He starts off by getting into small skirmishes. He graduates to simple robbery. From there, he graduates to armed robbery, and he would've graduated to murder if it had been left up to him.

This Court believes that this defendant would kill because of his conduct in this case. This Court knows that he would kill, and that's the next step, if he ever gets out.
The Court feels that if he ever gets out, he will commit another crime, and it will be murder.
It's my job, as a judge to see to it that he doesn't come out until he's completely rehabilitated until he's too old to pick up a gun and hold it in his hand again."
[8] "MOTION FOR NEW TRIALPursuant to Art. 851, C.Cr.P., Larry Donahue, defendant herein, through undersigned counsel, moves this court to grant him a new trial, and alleges the following grounds:

(1) The verdict was contrary to the law and evidence.
(2) The court's denial of defendant's pretrial motion in limine, which would have allowed the defendant to test the constitutionality of his previous plea of guilt and thus prohibit the State from impeaching his credibility with a defective conviction showed prejudicial error.
(3) The court's denial of defendant's pretrial oral motion to prohibit the State from introducing evidence of other crimes which did not show system, intent, knowledge, or identity and which were not part of the res gestae of the crimes charged.
(4) That the trial court's overruling defense objection to the hearsay testimony of the complaining witness, David Eagleson, on the grounds that it was admissible because it was uttered in the presence of the defendant shows prejudicial error and constituted an improper comment upon the evidence, for the defendant's presence at the point Mr. Eagleson was testifying to was the sole issue of the trial.
(5) The ends of justice would be best served if a new trial was granted.
WHEREFORE, defendant prays that the Motion for a New Trial be granted."