YELVERTON, Judge.
The defendant, Fred Landry, charged with issuing a worthless check in the amount of $1,467.34, in violation of La.R.S. *460 14:71, was convicted by a jury of the responsive offense of attempting to issue a worthless check, a violation of La.R.S. 14:27 and R.S. 14:71, and sentenced to three years at hard labor. He appealed raising several assignments of error regarding the conviction and complaining that the sentence was excessive.
FACTS
Landry was in the business of selling TV satellite antennas. Azor’s Incorporated, d/b/a Azor’s TV Specialists and Power Consultants Microwave (P.C.M.), was a wholesale satellite equipment dealer. In May 1984 Landry bought a satellite antenna from P.C.M. and a television set from Azor’s TV Specialists, and issued a check in the amount of $1,467.34 payable to P.C.M., drawn on Lakeside National Bank of Lake Charles, Louisiana. The purchased equipment was loaded on defendant’s truck simultaneously. The check was deposited into the P.C.M. account, and it was returned from the bank N.S.F. A certified letter addressed to Landry was mailed to let him know that the check was not paid upon presentation and requesting payment within 10 days. The check was never paid. Landry was charged by bill of information with issuing a worthless check.
At the trial the defendant, seeking to establish that the transaction was an open account, testified that there was an agreement between him and Azor Shirley, the owner of Azor’s Incorporated, that the check would be held for a few days before deposit. Landry also testified that later there was an agreement between the two that a dispute which had arisen because of some claimed defect in a trailer earlier purchased by Landry from Azor would first be resolved before payment of the check would be required. Azor Shirley and the bookkeeper for his business, as well as others of his employees, testified at the trial, and their testimony contradicted Landry’s entirely. As stated previously, the jury returned the responsive verdict of guilty of attempted issuance of a worthless check.
ASSIGNMENTS OF ERROR
Defendant assigns seven errors. The first four — the trial court’s refusals of a motion for a new trial and a motion for habeas corpus, and the denials of motions to review sentence and “for release of incarceration” — relate to pleadings filed by the defendant personally after trial during an interval when he was without an attorney; he had requested the dismissal of his court appointed trial attorney. Two other assignments of error involve evidentiary rulings by the trial court. The last assignment of error complains that the sentence was excessive.
ASSIGNMENTS NOS. 1, 2, 3 AND 4
At the hearing accorded defendant by the trial court on the unsuccessful motions forming the basis for these assignments, Landry represented himself and presented his own arguments. The basis for these assignments appears to be largely a question of the sufficiency of the evidence.
The elements of the crime of issuing a worthless check, as defined by La.R.S. 14:71, as adapted to the charge in this case, required that the state prove that Fred Landry issued a check for $1467.34, drawn on Lakeside National Bank to P.C.M. in exchange for something of value; that Landry knew at the time of issuing the check that he had insufficient credit with Lakeside National Bank for payment in full upon presentation; that he had a specific intent to defraud; and that the payment was not made on an open account. At the trial, defendant admitted giving the check and receiving a new satellite system and a TV for it. He also admitted knowing that he had insufficient credit with the Lakeside National Bank for payment of the check if presented immediately. He denied that he had a specific intent to defraud the payee. By claiming the existence of an open account, defendant made it incumbent upon the state to also prove beyond a reasonable doubt that the payment was not made on an open account.
The open account argument was based on two contentions, first, that the parties agreed the check would be held for at least *461 a week before deposit to give time for defendant to resell the merchandise, and second, that there later was an understanding that payment would not be required until a dispute over an earlier transaction between the parties was resolved. These contentions, which were but vaguely described in defendant’s own testimony and were otherwise unsupported, were categorically denied by Shirley and his employees familiar with the case.
It is well settled that whenever there is conflicting testimony as to factual matters the question of credibility of the witnesses is within the sound discretion of the jury. Such factual determinations will not be disturbed on review unless clearly contrary to the evidence, State v. Smith, 445 So.2d 521 (La.App. 3rd Cir.1984), writ denied, 449 So.2d 1346 (La.1984); State v. Klar, 400 So.2d 610 (La.1981). The determination that this was not an open account transaction was a credibility determination, and we have no basis for determining that it was an incorrect determination.
Concerning the finding that there was a- specific intent to defraud, defendant argues that he never received a notice by certified mail and that the certified letter contemplated by La.R.S. 14:71(A)(2), which was returned to the sender unclaimed, was sent to a different address than that required by the statute, and that therefore the State, as a matter of law, failed to prove the essential element that the defendant had a specific intent to defraud. This argument overlooks the fact that the 10 day certified mail notice contemplated by the statute is only one means of proving an intent to defraud. It is not the exclusive means of proving that element of the offense. In the present case by his own testimony, it was established that defendant did not have the money in the bank to pay the check when he wrote it. Likewise, based upon the defendant’s own testimony, the jury could have reasonably found that defendant knew the facts soon after the check was returned N.S.F. and that he knew that the payee was demanding that he pay it. Further, defendant admitted that he never offered to return the goods for which the check was given in payment. The jury’s determination that defendant acted with an intent to defraud was reasonably supported by the evidence. See State v. Imbornone, 462 So.2d 1236 (La.1985).
The standard of review as to the sufficiency of the evidence is whether viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have concluded beyond a reasonable doubt that there was proof of each element of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984).
In the present case, the defendant was convicted of the crime of attempting to issue a worthless check. The attempt article, La.R.S. 14:27, contains the following language:
“C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.”
We find that under the Jackson v. Virginia standard, there was sufficient evidence presented by the state for the jury to conclude beyond a reasonable doubt that the state proved each element of the crime of an attempt to issue a worthless check.
ASSIGNMENTS OF ERROR NOS. 5 AND 6
These assignments were addressed to rulings of the trial judge during trial sustaining objections to certain testimony. Apparently, the basis for the assignments is that the rejected evidence would have gone to help establish the defense that Azor Shirley sold the defendant merchandise with the understanding that the check would be held until the defendant could resell the merchandise. These assignments were not briefed, and we consider them abandoned. State v. Dewey, 408 So.2d 1255 (La.1982). We observe, however, that *462 even if these rulings were improper, they were harmless, because the subject matter was thoroughly explored elsewhere in the testimony.
EXCESSIVE SENTENCE
Defendant was sentenced to three years at hard labor. The penalty for violation of R.S. 14:71, when the amount of the check is $500 or more, is imprisonment with or without hard labor for not more than 10 years, or a fine of not more than $8,000, or both. The attempt article, La.R.S. 14:27, as applied to this offense, provides that whoever attempts to commit this particular crime shall be fined or imprisoned or both, in the same manner as for the offense attempted, but such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both. Thus, the maximum period of incarceration for which defendant could have been sentenced was five years. The trial judge imposed three years.
Defendant advances two arguments to support excessiveness of this sentence. The first is that the attempt statute sentencing provision R.S. 14:27(D)(2) applies and that the maximum sentence he could have been given was six months. The first sentence of R.S. 14:27(D)(2), which defendant argues is applicable in his case, provides that if the offense attempted is theft or receiving stolen goods, and it is not punishable as a felony, the maximum sentence is a fine of $200, or imprisonment for not more than six months, or both. Other than to simply declare that he should have been sentenced as though he had been convicted of attempting a misdemeanor theft, defendant does not elaborate on this argument, and we do not understand it. He made the argument at sentencing when he was unrepresented, and apparently insisted upon the argument being presented to us on this appeal. The simple answer to this argument is that defendant was found guilty of an attempt to issue a felony worthless check, and not an attempted misdemeanor theft.
The second argument is that the sentence, which is in the upper range of the court’s sentencing discretion, was excessive and constitutes cruel and unusual punishment.
In a thoroughly articulated compliance with the sentencing guidelines of La. C.Cr.P. art. 894.1, the trial judge gave his reasons for the sentence. As explained, the primary reason for the sentence was defendant’s criminal record. At the time of this offense, defendant, then 42 years old, was on a three year probation for felony theft in Texas. Supervision of that probation had been transferred to Calca-sieu Parish. In addition to the present offense, defendant had been convicted while on this probation in the Lake Charles City Court for selling alcohol to juveniles, and served time for that offense. There were a number of other bad check charges outstanding against him, some theft charges in Jefferson Davis Parish, and a warrant and a detainer were outstanding for felony theft in Beaumont, Texas. All of these charges occurred during defendant's probation for the Texas offense. The court noted that defendant was not eligible for probation but that even if he was, it was felt that he would not be a good candidate for probation, he simply needed correctional treatment. Although the sentence was on the high side of the court’s sentencing discretion, we cannot say that it was excessive in the light of all of these circumstances. State v. Donahue, 408 So.2d 1262 (La.1982). For these reasons, the conviction and sentence are affirmed.
AFFIRMED.