WARD, Judge.
Eugene Black was convicted of possession of dextropropoxyphene, adjudged a triple offender and sentenced to the maximum time of incarceration, ten years without benefit of parole, probation or suspension of sentence. Black appeals, arguing that the Trial Judge erred by: 1) refusing to grant a mistrial or to admonish the jury to disregard remarks made by the prosecutor during cross-examination of Black and 2) imposing a sentence which violates the sentencing guidelines of C.Cr.P. art. 894.1 and which is unconstitutionally excessive. We affirm.
The trial record shows that on March 7, 1985, New Orleans police officers received *523 a tip from a confidential informant that a fugitive from Wisconsin by the name of Eugene Black was attempting to rent an apartment in Algiers. The officers ran Black’s name through a New Orleans Police Department computer, which confirmed the existence of a Wisconsin arrest warrant for Black for violation of parole and gave them a physical description of him. The officers went to the apartment complex where they found a man who matched the description. After questioning the man and ascertaining that he was the Eugene Black who was wanted in Wisconsin, the officers arrested him.
Pursuant to the arrest, the officers searched Black and discovered in a jacket pocket several items later analyzed and identified by a NOPD criminalist expert as mescaline, marijuana and two dextropro-poxyphene capsules. Although the capsules were in a prescription bottle with a label, the name on the label had been scratched out. Black, who testified at trial, could produce no credible evidence of a prescription for the pills.
Black testified that in Wisconsin he had been convicted of three counts of simple burglary, two counts of escape, one count of armed robbery and one count of possession of marijuana. In Louisiana he had been convicted of possession of marijuana and attempted possession of mescaline.
In his first assignment, Black contends that the Trial Judge erred by refusing to grant a mistrial or to admonish the jury to disregard prejudicial remarks made by the Assistant District Attorney while cross-examining Black. The following line of questions during the prosecutor’s impeachment of Black, referring to another charge, was the basis of an objection by Black’s trial counsel and of the present assignment of error.
Q Isn’t it true that you pled not guilty to possession of marijuana before you went to trial? Isn’t it true?
A That is true.
Q And isn’t it true that you maintain that you were not in possession of this marijuana?
A I did not testify in that hearing.
Q Isn’t it true that you pled not guilty?
A That is my right.
Q And then isn’t it true that today you’re on the stand and you admit that yes you were in possession of it?
A Yes, I admit I had possession of it.
Q Okay. Same thing now, isn’t it, Mr. Black? You’re being charged with illegal possession of dextropropoxyphene and you’re saying that you have a prescription for it. You’re taking up our time going before this Jury. Just like you did last time when you pled not guilty to possession of marijuana?
Mr. Jenkins: Objection, Your Honor, motion for mistrial.
By the Court: Overruled.
Mr. Jenkins: Note my objection.
By the Court: Overruled.
Mr. Jenkins: I ask that the Jury be admonished. Those are very prejudicial statements, allegations by the State.
By the Court: Just be cautious, please. Just be cautious. I’m not going to admonish the Jury at this time.
Black argues that this line of questioning sought to raise in the jurors’ minds an inference of guilt from the exercise of the constitutional right to trial by jury. He contends that the prosecutor’s remarks that he “took up a previous jury’s time” to convict him of possession of marijuana— which offense he now admits — was intended to persuade the present jury that this trial was also a waste of time because Black was again guilty of illegal possession. This argument is grounded upon an analogy to Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229,14 L.Ed.2d 106 (1965), in which the Court struck down a rule permitting direct prosecutorial comment on a defendant’s exercise of his constitutional right not to take the stand.
We find the prosecutor’s remarks in this case so indirectly related to the constitutional right to jury trial that an analogy to Griffin must fail. We cannot say that the prosecutor’s comments in this case have a chilling effect on the exercise of constitu *524 tional rights. To find such an effect would be to speculate that a defendant, in deciding whether to exercise his right to a jury-trial, will contemplate that in the future when he is charged with another crime a prosecutor may comment on the earlier choice of trial by jury. That speculation is unreasonable and would not permit us to say with any degree of certainty that the possibility that a comment may be made during a subsequent trial would influence a choice of whether to proceed to trial by jury or to plead guilty.
So the analogy to Griffin fails, because, while anyone can readily infer a chilling effect upon a defendant’s right to remain silent if the prosecutor can comment on the failure of the defendant to testify, the inference that the right to trial will be chilled if the prosecutor can comment on that choice at a future trial is sheer speculation. And this is true even when the defendant is charged simultaneously with more than one crime and more than one trial is a real possibility, as in this case. It simply is not reasonable to believe that a defendant would forego trial and enter a plea of guilty merely because at some time in the future during a second trial a prosecutor may pose such inappropriate rhetorical questions as were posed in this case.
We decline to hold that a prosecutor’s passing reference, during legitimate cross-examination on previous convictions, to the defendant’s exercise of the right to trial by jury is prosecutorial misconduct which warrants a mistrial. The prosecutor’s remarks are not within the scope of mandatory mistrials as provided by C.Cr.P. art. 770.
The grant of a mistrial or an admonition to the jury was, however, within the Trial Judge’s discretion under C.Cr.P. art. 771 because the remarks made by the Assistant District Attorney were arguably “irrelevant or immaterial and of such a nature that [they] might create prejudice against the defendant or the state, in the mind of the jury.” Our standard of review in determining whether the Trial Judge abused that discretion when he denied a defense request for a mistrial or an admonition under Article 771 is whether the defendant “suffers such substantial prejudice that he has been deprived of any reasonable expectation of a fair trial.” State v. Smith, 433 So.2d 688, 696 (La.1983).
We do not believe that the prosecutor’s over-zealous remarks deprived Eugene Black of “any reasonable expectation of a fair trial.” The final series of questions to which defense counsel objected were, we agree, impermissible in that they were rhetorical questions not calculated to elicit information — more in the nature of argument and directed to the jury in an effort to persuade rather than inform. Black, however, readily responded to the questions in a direct, but circumspect, manner and, most importantly, was not required to respond to the final series of questions. A reading of the transcript of the cross-examination does not leave us with an impression that, as Black contends, the Court gave “propriety or legitimacy” to the prosecutor’s remarks or that, in light of Black’s responses, the remarks were particularly successful as argument.
Furthermore, although the prosecutor’s questions were, in essence, arguments to the jury, they merely pointed up facts which the jury could have readily concluded from permissible questions on cross-examination — that Black had been charged with possession of marijuana, that he pleaded not guilty, and that he was convicted by a jury. And Black’s lack of credibility implied by those facts would have been a subject of permissible comment during the State’s closing argument. Accordingly, we reject Black’s first assignment of error because, even though we might find the questions inappropriate, we cannot say the Trial Court abused its discretion or that it erred.
In his second assignment of error Black argues that his maximum enhanced penalty sentence of ten years without benefit of parole, probation or suspension of sentence should be vacated because the sentence: 1) was imposed without consideration of any mitigating factors, as required by C.Cr.P. art. 894.1 and 2) is unconstitutionally excessive, as it is grossly out of proportion to his *525 crime of possession of two capsules of dex-tropropoxyphene.
To comply with Article 894.1 a judge need not enumerate each of the aggravating and mitigating factors; however, the record must reflect that the judge adequately considered the guidelines in sentencing the defendant. State v. Donahue, 408 So.2d 1262 (La.1982).
The multiple bill upon which Black was convicted charged that he had been convicted in Wisconsin of three counts of burglary as well as armed robbery and escape. The transcript of the sentencing hearing shows the Trial Judge took judicial notice of Black’s two prior convictions in Louisiana, stating that both were drug offenses and stemmed from the same arrest as the conviction for possession of dextropropoxy-phene. The Judge felt that Black nonetheless had a violent history of criminal activity because of his prior felony convictions in Wisconsin. The Judge stated that in Wisconsin Black had escaped twice, only to be convicted of the crime of escape each time. Noting that Black was a fugitive from Wisconsin who had violated his parole for armed robbery and fled to Louisiana where he committed more crimes “while on the run,” the Judge believed that Black was a serious threat to this community. He concluded that Black had a propensity toward criminal activity because of his repeated crimes and escapes. Based on Black’s prior record, the Judge elected not to place Black into drug rehabilitation because it would make probation available to him.
At the sentencing hearing Black did not offer anything in mitigation for the Judge to consider. On appeal, however, Black argues the Judge erred by failing to consider any mitigating factors — specifically, that Black was found in possession of only two capsules of dextropropoxyphene.
We reject his argument because a trial judge need not recite by rote each factor of Article 894.1. It is sufficient if from the reasons for sentencing it can be reasonably inferred that mitigating factors were considered. In the present case, although the Judge did not articulate each factor under Article 894.1, he did explain his reasons for imposing the enhanced sentence — adequate compliance with Article 894.1 in sentencing Black under the multiple offender statute.
Once a trial judge adequately complies with the sentencing guidelines in Article 894.1, a sentence will not be set aside as unconstitutionally excessive unless it is so grossly out of proportion to the severity of the crime as to shock our sense of justice. State v. Sweeney, 443 So.2d 522 (La.1983). Black asserts his enhanced sentence is excessive because a ten year sentence without benefit of parole, probation or suspension of sentence is grossly out of proportion to his crime of possessing two capsules of dextropropoxyphene. We reject this assertion.
The enhanced sentence under La. R.S. 15:529.1 is imposed because of a defendant’s successive failures to obey the law. Although the defendant's sentence under this statute is punishment for only the new crime, the sentence will be more than it otherwise would be had the defendant not been adjudged a multiple offender. See State v. Williams, 326 So.2d 815 (La. 1976). In view of Black’s previous record, which includes three felony convictions in Wisconsin for repeated escapes and violence to person and property, incarceration for the maximum term allowable under the multiple' offender statute is warranted. We cannot say Black’s ten year sentence without benefit of parole, probation or suspension of sentence, imposed on him as a third offender, is excessive. Thus, we find no merit to Black’s second assignment of error and affirm his conviction and sentence.
AFFIRMED.