hPER CURIAM *
We affirm in part and reverse in part the trial court’s ruling on the state’s motion to introduce other crimes evidence at relator’s forthcoming trial for first degree murder in violation of La.R.S. 14:30(A)(1). The charge stems from the murder of the owner of a convenience store in New Orleans during an armed robbery committed in November of 1994, less than a week before Jefferson Parish officers arrested relator in possession of a vehicle stolen from the victim of an unrelated murder in that parish.
Matters which are “logically relevant to issues before the jury should not be excluded merely because they show the accused has committed other offenses.” State v. Constantine, 364 So.2d 1011, 1014 (La.1978). Evidence that during their investigation of relator for possession of the stolen car Jefferson Parish officers found only a few feet away from the parked vehicle, and from where relator was standing, a nine millimeter semi-automatic handgun taken from the victim of the New Orleans offense connects relator with that handgun and links him directly to the New *1266 Orleans offense. The evidence is therefore admissible at trial on the question of identity. La.C.E. art. 401 (“ ‘Relevant evidence’ means evidence having any tendency to make the existence of any fact that is of consequence to the determination |¡>of the action more probable or less probable than it would be without the evidence.”); State v. Kirkpatrick, 443 So.2d 546, 557 (La.1983) (“Any competent evidence tending to show the connexity between the defendant and the victim’s stolen property is extremely relevant as to the proof of the robbery.”); State v. Parker, 421 So.2d 834, 840 (La.1982) (evidence of murder weapon found in defendant’s vehicle abandoned after a high-speed chase with the police “was relevant to show the jury how the defendant was associated with the .38 revolver allegedly used two weeks earlier in the [charged] robbery/murder.”); State v. Donahue, 408 So.2d 1262, 1265 (La.1982) (“Evidence of the use of a stolen credit card is independently admissible to prove that the user of the card was a principal in the robbery in which the credit card was taken.”); State v. Scott, 320 So.2d 538, 540 (La.1975) (“The circumstances surrounding the department store theft by use of a credit card stolen in the robbery were independently admissible as relevantly tending to prove that the accused was a principal in the robbery as utilizing the proceeds thereof.”). On the same rationale, evidence that the Jefferson Parish officers found on relator’s co-perpetrator the .380 caliber handgun used to kill the owner of the convenience store in New Orleans is also relevant and admissible on the question of identity of the two perpetrators who committed that crime. To this extent, we affirm the ruling of the trial court.
On the other hand, evidence that relator used the .380 caliber handgun to shoot the victim-owner of the stolen car, during an unrelated “prostitution date” involving relator and his co-perpetrator, is not admissible at trial of the New Orleans offense. Prerequisite to the introduction of other crimes evidence is a showing by the state that the evidence “is not merely repetitive and cumulative, is not a subterfuge for depicting the defendant’s bad character of his propensity for bad behavior, and that it serves the actual purpose for which it is offered.” State v. Prieur, 277 So.2d 126, 130 (La.1973). In |?the case before us, the two criminal episodes are not so peculiarly distinctive that logically they appear the work of one man or of the same team working in tandem systematically. See State v. Moore, 440 So.2d 134, 137 (La.1983) (“Evidence of other crimes may be admitted when the prior crime by the particular defendant is so distinctively similar to the charged crime (especially in terms of time, place and manner of commission) that one may reasonably infer that the same person was the perpetrator.”); see also State v. Evans, 97-1030, pp. 4-7 (La.App. 5th Cir. 4/15/98), 712 So.2d 941, 943-44 (finding error in the introduction of the New Orleans offense at the trial of relator for the Jefferson Parish crime because the two offenses “are not so similar as to produce a distinctive modus operandi.”). To the extent that evidence of their arrests together in Jefferson Parish and of their close association with the two handguns involved in the New. Orleans offense discloses the connection between relator and his co-perpetrator and the nature of their relationship, the probative value of further linking them through evidence of the Jefferson Parish shooting incident appears far outweighed by the danger that the evidence will “lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.” Old Chief v. United States, 519 U.S. 172, 179, 117 S.Ct. 644, 650, 136 L.Ed.2d 574 (1997).
Finally, while relator’s willingness to use the .380 caliber handgun on other occasions may have some probative value on the question of his intent in the charged offense, we find no indication in the record that intent will be a matter genuinely con *1267 tested at trial. According to the state’s opposition filed here, relator shot the victim at the front door of the convenience store and then stripped from the body the nine millimeter handgun the victim carried for his own protection, circumstances which appear to negate any claim of mistake or inadvertence. In the event that relator affirmatively contests Lintent at trial, the state may then resort on rebuttal to evidence of the Jefferson Parish shooting involving the same weapon. Prieur, 277 So.2d at 129 n. 2 (“If in the utterly unlikely even the defendant had interjected such an issue, then only could the State conceivably have properly contended that such evidence was admissible in rebuttal to show knowledge or intent.”).
Accordingly, the stay previously issued by this Court on August 9, 1999, is vacated, and this case is remanded to the trial court for further proceedings not inconsistent with the views expressed herein.

 Knoll, J., not on panel. See La.S.Ct. Rule IV, Part II, § 3.