SEXTON, Judge.
The separate appeals of these three jointly charged defendants are consolidated for consideration herein. The defendants Burns, Foster and Manshack, were originally charged with two counts of simple burglary (LSA-R.S. 14:62) in DeSoto Parish. These defendants benefited by a plea bargain arrangement by each being allowed to plead guilty to one count of simple burglary. Burns additionally benefited from his plea bargain as he was allowed to plead to only one count of forgery on a charge of eight counts of forgery which was not related to the instant offense.
Burns was sentenced to three years imprisonment at hard labor on each conviction (the simple burglary and the forgery), with the two sentence terms to run consecutively. Foster and Manshack each received a sentence of six years confinement at hard labor on the one count of simple burglary. These three defendants have perfected appeals to this court on claims of excessive sentence. Burns’ claim of the excessiveness of the forgery sentence is treated in 442 So.2d 1197, handed down contemporaneously herewith.
Excessive punishment is prohibited by Art. 1, § 20 of the Louisiana Constitution. A sentence is excessive if it is grossly out of proportion to the severity of the crime, or if it is a needless imposition of pain and suffering. State v. Donahue, 408 So.2d 1262 (La.1982); State v. Bonanno, 384 So.2d 355 (La.1980).
The imposition of a sentence within the statutory limits is within the sound discretion of the trial court, subject only to constitutional limitations on excessive sentences, and should not be disturbed absent manifest abuse. State v. Forshee, 395 So.2d 742 (La.1981). The sentences received by these defendants were less than the maximum penalty of confinement provided in LSA-R.S. 14:42, which is twelve years imprisonment at hard labor.
In reviewing the sentences of these defendants to insure that they are not constitutionally excessive, it is necessary to look at the nature of the plea bargain arrangement with each defendant. Foster and Manshack benefited from plea bargains which allowed them to plead guilty to one count of simple burglary, and in return the State agreed not to prosecute the charges on the remaining counts of burglary.
Likewise, the defendant Burns benefited from his plea bargain arrangement. He pled guilty to one count of simple burglary and one count of forgery. At Burns’ sentencing, the trial court noted the defendant’s recent involvement in several forgery and burglary offenses, his previous juvenile record, his unstable employment history, and his failure to complete his education.
*1197 In the case of the defendant Poster, the trial court noted the defendant’s good home environment but found that this factor was not sufficient to prevent the defendant from committing future crimes. The court was concerned by the defendant’s criminal activity as a juvenile and with his recent involvement in thefts and burglaries committed in Louisiana and Texas. The court concluded that the circumstances of the defendant’s criminal activities outweighed the mitigating factor of his good home environment, and required the defendant to be kept in a custodial environment.
Similarly, the trial court found that the defendant Manshack was in need of a custodial environment. In stating the factual basis and reasoning behind this determination, the trial court referred to a crime spree during which Manshack and the other defendants burglarized several establishments in Texas and Louisiana. The trial judge also noted the defendant’s age (21 years), his employment and his lack of dependents to support.
Appellate counsel for the defendant Man-shack strongly contends that there is nothing in the record to support the trial court’s references to the defendant’s involvement in other crimes. However, the pre-sen-tence investigation, made a part of the appellate record, states that according to the report of the police the defendant was involved in a whole series of burglaries with his co-defendants. Listed in the report as subjects of burglaries are at least eight business establishments in Texas and Louisiana, as well as a welding truck in Shreveport. The transcript shows that court-appointed trial counsel stated to the court prior to sentencing that the defendant Manshack had seen the pre-sentence investigation in the case. Counsel stated that a sentencing hearing was not requested as “there is nothing in [the pre-sentence investigation] to traverse.” Thus the record shows that the defendant was aware that he was implicated in a number of offenses by the pre-sentence report and that he did not wish to contest that information. Even assuming arguendo that the defendant was not involved in these offenses, he benefited substantially from the plea bargain agreement.
Furthermore, the record shows that the trial court adequately complied with LSA-C.Cr.P. Art. 894.1 in evaluating the sentencing factors listed in that article.
Considering the individual circumstances presented by each defendant and the plea bargain benefits received, each of the sentences imposed are within the discretion of the trial judge and are supported by the record. The trial judge adequately complied with Art. 894.1 in imposing each sentence.
Each of the sentences appealed is hereby affirmed.
AFFIRMED.