SEXTON, Judge.
The defendant, Mark Damon Burns, was originally charged with eight counts of forgery (LSA-R.S. 14:72) in DeSoto Parish. The Bill of Information charged that beginning on February 20, 1982, Burns forged seven checks in the amount of $10.00 and one check for $20.00. Pursuant to a plea bargain in which the State agreed not to prosecute on the remaining counts, the defendant plead guilty to one count of forgery. Also at this time, two unrelated counts of simple burglary were also pending against this defendant. As part of the entire plea bargain, the defendant was allowed to plead guilty to one count of simple burglary and was sentenced to three years confinement at hard labor.
He was sentenced to three years imprisonment at hard labor on the forgery offense and was also assessed a three year sentence at hard labor for the offense of simple burglary, the two sentences being ordered to run consecutively to each other.
At issue in this appeal is the defendant’s contention that the forgery sentence was excessive. He complains of the excessiveness of the burglary sentence in 442 So.2d 1195, handed down contemporaneously herewith.
At sentencing, the trial court noted the defendant’s recent involvement in numerous forgery and burglary offenses, his unstable employment history, and his failure to complete his education. The trial judge considered Burns’ youth as the primary mitigating factor present .in the case. It was determined that this factor could not outweigh the aggravating factors which were applicable in the defendant’s case.
The imposition of a sentence within statutory limits is within the sound discretion of the trial court, subject only to the constitutional limitations on severe sentences, and should not be disturbed absent an abuse of discretion. State v. Forshee, 395 So.2d 742 (La.1981).
The maximum penalty for forgery is ten years at hard labor and thus the sentence imposed is well within the statutory limits. A sentence is excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Donahue, 408 So.2d 1262 (La.1982); State v. Guiden, 399 So.2d 194 (La.1981).
The record reveals the defendant benefited from a plea bargain arrangement, whereby seven counts of forgery pending against the defendant were not prosecuted. Furthermore, when sentenced on the burglary, the defendant received three years at hard labor, when in contrast, each of his co-defendants in the burglary offense received a sentence of six years at hard labor on the burglary alone. Thus, the defendant’s total term of imprisonment for the *1199 forgery and the burglary is comparable to the sentences received by his co-perpetrators in the burglary itself.
Under these circumstances, this sentence is not excessive and the sentence appealed is affirmed.
AFFIRMED.