516 So.2d 188 (1987)
STATE of Louisiana
v.
John HOWKINS.
No. KA-7090.
Court of Appeal of Louisiana, Fourth Circuit.
November 17, 1987.
*189 William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William A. Marshall, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State.
Sherry Watters, New Orleans, for defendant-appellant John Howkins.
Before KLEES, CIACCIO and WILLIAMS, JJ.
KLEES, Judge.
On July 24, 1986 the State filed a bill of information charging the defendant John Howkins a/k/a John Hawkins and a co-defendant with illegal possession of stolen things, to wit: a 1984 Cadillac valued in the amount of five hundred dollars or more. At the trial held October 30, 1986, a jury found the relator guilty as charged. The State filed a multiple bill of information on November 7, 1986. The trial court conducted a hearing on the multiple bill and found the defendant to be a second offender, and sentenced him to serve five years at hard labor. The defendant now appeals.
The testimony elicited at trial showed the following. On June 17, 1986, at approximately 11:30 p.m., Officer Catalanotto and his partner were dispatched to South Saratoga and Toledano Streets to investigate a report that two black males were stripping an automobile. When the officers arrived, Catalanotto observed two black males exiting a blue Cadillac. Specifically, he saw the defendant leaving the back seat of the car. The suspects saw the officers and fled. After the defendant was apprehended, Catalanotto went back to the scene of the crime and noticed three Cadillac tires in the rear seat of the blue Cadillac and one in the opened trunk. Approximately fifteen feet away stood a gray 1984 Cadillac without any tires, a rear broken window, a defeated steering column, missing speakers, and a missing air filter cap. Catalanotto testified that the tires in the blue Cadillac belonged to the gray Cadillac. An air filter and the speakers were also inside the blue Cadillac, but at trial the owner of the gray car did not testify that those times belonged to him and the State did not produce any evidence showing their value.
*190 Officer Michael Looney testified that he received a call on police radio describing a suspect fleeing from a car. Looney turned his patrol car onto Loyola and Peniston and saw the defendant, who matched the description of the suspect. Looney stopped the defendant and noticed he was breathing heavily. Looney detained the defendant until Officer Catalanotto met him for identification, and then turned him over to Catalanotto.
Henry Carter testified that he was the owner of the gray Cadillac. He parked his car at 5:00 p.m. and did not find out it had been stolen until the police called him late that night. Carter then went to the scene of the crime and found his car. The tires were missing, the window was broken, and the steering column had been damaged.
A review of the record for errors patent reveals there are none.
By his first assignment of error, the defendant contends there is insufficient evidence for a rational trier of fact to have found him guilty beyond a reasonable doubt of illegally and intentionally possessing the stolen 1984 Cadillac belonging to Henry Carter. Specifically, he argues the evidence presented at trial showed illegal possession of four stolen wheels, valued at fifty dollars each, and four rims, valued at thirty dollars each. He maintains that the total value of these items was less than five hundred dollars, and that he should be sentenced accordingly.
In its review of the sufficiency of evidence to support a defendant's conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Andrews, 452 So.2d 687 (La.1984). Where the conviction is based on circumstantial evidence, R.S. 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. State v. Camp, 446 So.2d 1207 (La.1984); State v. Wright, 445 So.2d 1198 (La.1984). R.S. 15:438 does not establish a stricter standard of review than the more general rational juror's reasonable doubt formula; it is merely an evidentiary guide for the jury when considering circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985).
The appellant was convicted of illegal possession of a 1984 Cadillac valued at over $500.00. The four essential elements of this offense, as set forth in State v. Walker, 350 So.2d 176 (La.1977) are: (1) the item was stolen; (2) the item was of value; (3) the defendant knew or should have known that the property was stolen; and (4) the defendant intentionally procured, received, or concealed the property. Id. at 177; State v. Price, 454 So.2d 377 (La.App. 4th Cir.1984), writ den. 458 So.2d 126 (1984); State v. Slaughter, 451 So.2d 59 (La.App. 4th Cir.1984). Mere possession of stolen property does not create a presumption that the possessor knew or had reason to know that the property was stolen, State v. Walker, supra; State v. Slaughter, supra.
Here, the appellant argues that he did not possess, procure, receive, or conceal the gray Cadillac; he merely possessed the four tires and rims taken from the car. In order to support a conviction for possession of the stolen car, the State is not obligated to prove "actual" possession. Such a conviction may be supported by a showing of "constructive" possession, which exists when the item possessed is within the defendant's dominion or control. State v. Mercadel, 503 So.2d 608 (La.App. 4th Cir. 1987); State v. Martin, 483 So.2d 1223 (La.App. 4th Cir.1986). In Mercadel, the arresting officer testified that he caught the defendant standing behind the raised trunk lid of the stolen car. He was also observed holding and then abandoning a ring of keys which included the keys to the car and the a stereo speaker that the car's owner testified had been installed in the trunk. This court concluded that the evidence produced at trial definitely could have led a reasonable jury to reject the appellant's hypothesis of innocence and find that he was in constructive possession of at least the trunk compartment, thereby being in possession of the car itself.
*191 In this case, the owner of the car last saw it at five o'clock when he parked it in front of his house. The car was not seen again until the police found it approximately six and one-half hours later, two miles away from the owner's house. The defendant was observed exiting the blue Cadillac, and he was not seen any closer than fifteen feet to the stolen car. No implements were found linking the defendant to the damage done to the car. It is reasonable to assume that the car was already abandoned when the defendant found it and stole the tires. The record fails to prove beyond a reasonable doubt that the defendant possessed the stolen 1984 Cadillac. The evidence does clearly show that the defendant possessed the four tires and rims, and that the value of that property was $320.00. Defendant's claim that the State proved only illegal possession of stolen property valued between $100.00 and $500.00 has merit.
Accordingly, for the reasons expressed herein defendant's conviction of illegal possession of stolen property having a value of five hundred dollars or more is vacated. Nonetheless, as the record clearly shows that defendant John Howkins was in possession of stolen things of a value of one hundred dollars or more but less than five hundred dollars, a conviction of this lesser and included offense will be entered. Defendant's sentence is vacated and this matter is remanded to the trial court for resentencing.
CONVICTION FOR POSSESSION OF STOLEN THINGS OF A VALUE OF FIVE HUNDRED DOLLARS OR MORE VACATED. CONVICTION FOR POSSESSION OF STOLEN THINGS OF A VALUE OF ONE HUNDRED DOLLARS OR MORE BUT LESS THAN FIVE HUNDRED DOLLARS ENTERED. SENTENCE VACATED AND REMANDED.
CIACCIO, J., dissents.
CIACCIO, Judge, dissents.
I respectfully dissent.
When the officers came upon the scene they found the stolen gray Cadillac suspended by a jack which had been used to lift the wheels off the ground to enable the removal of the tires and rim covers. The defendant was observed inside the adjacent blue Cadillac which contained the stolen tires and rim covers.
Under these circumstances it was reasonable for the jury to conclude that the defendant had participated in jacking up the stolen Cadillac and that he had possession of the stolen vehicle while he was in the process of removing the tires and rim covers.
Although this possession may have lasted only temporarily, possession of the stolen vehicle necessarily occurred while the tires and rim covers were being removed. The only other possible hypothesis is that the defendant found the tires and rim covers lying on the ground adjacent to the stolen vehicle. This is not a reasonable hypothesis of innocence.
I would affirm the verdict and the sentence.