544 So.2d 1300 (1989)
STATE of Louisiana
v.
George WILSON.
No. 88-KA-0718.
Court of Appeal of Louisiana, Fourth Circuit.
May 25, 1989.
*1301 Harry F. Connick, Dist. Atty., Brian T. Treacy, Asst. Dist. Atty., New Orleans, for appellee.
John W. Lindner, II, Kullman, Inman, Bee & Downing, New Orleans, for appellant.
Before SCHOTT, C.J., and LOBRANO and WARD, JJ.
LOBRANO, Judge.
George Wilson and Joseph Stokes were each charged by bill of information with violations of La.R.S. 14:69, possession of stolen property valued at $500.00 or more. Stokes entered a guilty plea and the trial court sentenced him to two years at hard labor. Wilson was tried by a jury which found him guilty of attempted possession of stolen property valued at $500.00 or more. The trial court sentenced him to serve one year in Orleans Parish Prison.
Wilson now appeals assigning as error that the State presented insufficient evidence to support his conviction.
According to Ms. Joanne Jackson, her 1982 Chevrolet Monte Carlo was stolen from a parking lot at 2601 Tulane Avenue on December 17, 1986. She testified that the car was valued at approximately $6,000.00 and she had not given anyone permission to take her vehicle. When Ms. Jackson was asked about the condition of her vehicle when she recovered it, Ms. Jackson stated, "The door on the passenger side lock was hanging out. The steering column was busted open. (emphasis added). Ms. Jackson further stated that she did not know who had stolen her car.
Officer Anthony Small of the New Orleans Police Department testified that on December 19, 1986, he and his partner were on routine patrol in the Desire Housing Project. He observed the Monte Carlo pass his location and noticed that the cylinder door lock was pulled out. He also recognized the car as belonging to a friend of his. The officers in their unmarked police car followed the Monte Carlo. They radioed the police dispatcher, checked the license plate through the computer, discovered the vehicle was reported stolen two days earlier and called for assistance to stop the vehicle.
Other police stopped the vehicle. Officer Small and his partner approached the vehicle and observed two men in the car. Stokes was the driver of the car and George Wilson, the defendant, was a passenger, seated next to the driver. Officer Small also observed that the steering column of the car had been defeated on the left hand side and a screwdriver was on the floor. He also stated that plastic pieces of the broken steering column were on the floor. Stokes told the police that he had purchased the car from some guy uptown for $100.00. Wilson made no claim as to the ownership of the vehicle.
Joseph Stokes testified for the defendant. He admitted pleading guilty to the offense. While Stokes stated that he knew Wilson as they were neighbors in Avondale and had gone to school together in the early '80's, he had not seen Wilson for five months before he met him on December 19, 1986. On that morning Stokes saw Wilson waiting at a bus stop on Elysian Fields. He offered Wilson a ride to a shopping center and Wilson accepted. Stokes stated that Wilson did not know the Chevrolet had been stolen, but Wilson did ask Stokes to whom the car belonged. Stokes told Wilson the car belonged to a friend. While Stokes admitted the car's cylinder door lock was popped out and the steering column was broken, he stated that Wilson entered the car on the passenger side and the steering column was defeated on the left side where Wilson could not see.
In order to convict a defendant of illegal possession of stolen things pursuant to La.R.S. 14:69, the State must prove beyond a reasonable doubt the following elements of the crime:
1) that the property was stolen;
2) that the item was of value;
3) that the defendant knew or should have known that the property was stolen; and
*1302 4) that the defendant intentionally possessed, procured, received or concealed the property.
State v. Walker, 350 So.2d 176 (La.1977); State v. Mercadel, 503 So.2d 608 (La.App. 4th Cir.1987). To demonstrate that the defendant "attempted" to commit this crime, the State must also show that the defendant possessed specific intent to commit the crime, did or omitted an act for the purpose of and tending directly toward the accomplishment of the object. La.R.S. 14:27(A); State v. Williams, 490 So.2d 255 (La.1986), cert den. Williams v. Louisiana, 483 U.S. 1033, 107 S.Ct. 3277, 97 L.Ed.2d 780 (1987).
In this appeal, the defendant argues solely that the State failed to demonstrate the requisite intent element of the offense. That is, defendant urges that the evidence presented at trial was insufficient to prove that he "knew or should have known the vehicle was stolen" and was insufficient to show an attempt to exercise dominion or control, i.e. possession of the vehicle.
The standard of review of the sufficiency of evidence is the determination that viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Andrews, 452 So.2d 687 (La.1984). Where the evidence is based on circumstantial evidence La.R.S. 15:438 requires that such evidence must exclude every reasonable hypothesis of innocence. State v. Camp, 446 So.2d 1207 (La.1984). This circumstantial evidence rule provides a evidentiary guide and does not establish a separate test nor a stricter standard than the more general rational juror's reasonable doubt formula. State v. Porretto, 468 So.2d 1142 (La.1985); State v. Howkins, 516 So.2d 188 (La.App. 4th Cir.1987).
Mere possession of stolen property does not create a presumption that the defendant knew or had good reason to believe that the property was stolen. Walker, supra at 178. State v. Howkins, supra at 190.
Moreover the fact that the defendant and the stolen property were both located at the same place at the same time does not indicate that the defendant knew the property was stolen or that the defendant procured, received or concealed the property. Camp, supra at 1209-1210.
The State clearly proved the vehicle was stolen and was valued in excess of $500.00. Further the evidence is clear that the door lock on the passenger side was "popped out" and that the steering column was broken. There was broken plastic from the steering column on the floor as well as a screwdriver. The defendant was a willing passenger in the vehicle.
Although Stokes testified defendant did not know the vehicle was stolen and that, from the passenger side, defendant could not see the broken steering column, it was not unreasonable for the jury to give very little weight to this testimony. There was sufficient evidence for the jury to conclude that defendant knew or should have known the vehicle was stolen, and that, as a willing passenger did perform a sufficient overt act to justify an attempt at possession. In disbelieving Stokes, the jury excluded defendant's hypothesis of innocence.
Accordingly, we find the evidence sufficient to support the defendant's conviction of possession of stolen property. His conviction and sentence are hereby affirmed.
AFFIRMED.