563 So.2d 1354 (1990)
STATE of Louisiana
v.
Shawn L. GRANIER.
No. 89-KA-0230, 89-KA-0888.
Court of Appeal of Louisiana, Fourth Circuit.
June 28, 1990.
William A. Roe, Belle Chasse, for appellant.
Before SCHOTT, BARRY and BYRNES, JJ.
BYRNES, Judge.
Shawn Granier was charged with distribution of marijuana and was found guilty as charged. La.R.S. 40:966(A)(1). He was thereafter found to be a multiple offender and sentenced to ten years at hard labor. La.R.S. 15:529.1. The defendant appeals relying on two assignments of error. Not *1355 finding merit with either assignment of error, we affirm the conviction and sentence.
The facts as revealed by the record are as follows:
On February 12, 1987, Agent Keith Ruggles of the Plaquemines Parish Sheriff's Office went to the Den Lounge in Venice, Louisiana as part of an undercover operation, known as Clean Sweep, being conducted in the area. Upon entering the bar, he saw a confidential informant and began talking to him. The informant told Agent Ruggles that a man known as Shawn Granier had been in the bar earlier trying to sell marijuana and that he told Granier that he had a friend who may be interested later. At around 10:00 p.m. the informant introduced Agent Ruggles to the defendant, Shawn Granier, as his friend "Tony". A short time later, the defendant indicated to Agent Ruggles to go outside. Once outside the bar, the defendant sold the officer a substance, later identified as marijuana, for twenty dollars. After the deal was concluded, Agent Ruggles returned to the narcotics office, followed by the backup team composed of Agents Charles Young and Terry Rutherford. Subsequently in October, 1987, a warrant for the defendant's arrest was issued and this conviction and appeal ensued.

FIRST ASSIGNMENT OF ERROR
In his first assignment of error the defendant contends that the trial court erred by failing to dismiss the jury and/or grant the motion for mistrial which was based on the claim that the state used its peremptory challenges to systematically exclude blacks from the jury. In Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the United States Supreme Court discussed the criteria to establish a prima facie case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges. State v. Thompson, 516 So.2d 349 (La. 1987). "To establish a prima facie case under Batson, the defendant must show that he is a member of a cognizable racial group and that the state has exercised peremptory challenges to remove members of his race from the petit jury." Id. at 353. Batson cites Castaneda v. Partida, 430 U.S. 482, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977), defining a "cognizable racial group" as "one that is a recognizable, distinct class, singled out for different treatment under the laws, as written or applied." The defendant in this case is white. A white defendant does not meet the requirements of a "cognizable racial group" as intended by Thompson. Thus, the defendant may not avail himself of the Thompson standard to establish a prima facie case. This assignment of error has no merit.

SECOND AND THIRD ASSIGNMENTS OF ERROR
In his second and third assignments of error the defendant contends that the trial court committed reversible error by admitting testimony in the form of hearsay from a police officer witness on what he was told by a confidential informant regarding a conversation between the informant and the defendant. Reference to another crime during testimony is impermissable without compliance to State v. Prieur, 277 So.2d 126 (La.1973). However, in Prieur, the Louisiana Supreme Court expressly recognized that "res gestae" evidence is an exception to the prohibition against "other crimes" evidence. Id. at 128. This Court, in State v. Reaux, 539 So.2d 105 (La.App. 4th Cir.1989), approved the First Circuit's guidelines in State v. Craddock, 435 So.2d 1110 (La.App. 1st Cir.1983), for the admission of the other crimes evidence under the res gestae exception. The court in Craddock had set forth the following guidelines:
"In order to constitute res gestae, the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form, *1356 in conjunction with it, one continuous chain. La.R.S. 15:448; State v. Sharp, 414 So.2d 752 (La.1982). Also, evidence of other crimes which are part of the res gestae is always admissible without balancing its probative value against its prejudicial affect. State v. Stucke, 419 So.2d 939 (La.1982).
A very close connexity between the charged offense and the other crimes evidence sought to be introduced under the res gestae exception is required. Id. at 1117-1118.
In the instant case, Agent Ruggles was relating in narrative form all of his actions which led up to his approaching the defendant for the purpose of purchasing marijuana. The agent's initial conversation with the confidential informant led to the informant introducing the agent to the defendant. The entire sequence of events occurred in the same location within a few hours. There was a clear connexity in time and place between the agent's conversation with the confidential informant and the subsequent drug transaction between the defendant and the agent. Thus the agent's testimony complied with the res gestae exception to the prohibition against "other crimes" evidence.
The defendant also argues that the trial court should not have allowed the officer to testify as to what the confidential informant told him because such evidence was inadmissable hearsay. However, the Louisiana Supreme Court has held that a police officer, in explaining his own actions, may refer to statements made to him by other persons involved in the case. State v. Watson, 449 So.2d 1321 (La.1984). Such statements, which also often fall into the res gestae exception, are admissible not to prove the truth of the statement being made, but rather are offered to explain the sequence of events leading to the arrest of the defendant and, as such, are not hearsay. State v. Calloway, 324 So.2d 801, 809 (La.1976); State v. Lard, 459 So.2d 1189, 1192 (La.App. 4th Cir.1984) writ denied 464 So.2d 1376 (La.1984). The testimony of Agent Ruggles was not offered to prove that the defendant and the confidential informant had discussed a drug transaction earlier that night, but rather was offered to explain what led the police officer to approach the defendant. Thus, the agent's testimony was admissible under Lard. This assignment of error has no merit.
Plaintiff's other five assignments of error are not briefed and are deemed abandoned. Rule 2-12.4, Uniform Rules, Courts of Appeal; State v. Bray, 548 So.2d 350 (La.App. 4th Cir.1989).
Therefore the defendant's conviction and sentence are affirmed.
AFFIRMED.