573 So.2d 1195 (1991)
STATE of Louisiana
v.
Warren HARRIS.
No. 90-KA-0398.
Court of Appeal of Louisiana, Fourth Circuit.
January 17, 1991.
*1196 Harry F. Connick, Dist. Atty., Richard Olsen, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant Warren Harris.
Before SCHOTT, C.J., and KLEES and CIACCIO, JJ.
KLEES, Judge.
The defendant Warren Harris was charged with the illegal possession of a 1980 Oldsmobile Cutlass, valued at $3,000.00, a violation of R.S. 14:69. He was tried by jury on August 24, 1989, found guilty and sentenced to three and one-third years at hard labor. The State subsequently filed a multiple bill asserting that the defendant was a third felony offender. The defendant pled guilty to the multiple bill. As a result of the plea the court set aside the original sentence and re-sentenced the defendant as a multiple offender to three and one third years at hard labor with credit for time served and waived court costs.

FACTS
On March 14, 1989 at approximately 6:00 p.m., Desi Miles drove her black 1980 Oldsmobile Cutlass to her mother's house. She parked her car in front and went inside. At about 10:00 p.m., Ms. Miles looked out of the window and discovered that her car was gone.
Four days later, on March 18, 1989 at approximately 10:40 a.m., Officer Landry *1197 saw the defendant as he was driving through the First National Bank of Commerce drive-through bank at 3231 Gentilly Boulevard in a black Oldsmobile Cutlass. Because Landry thought that a warrant was outstanding for the defendant's arrest on another unrelated charge, he approached the defendant. When he reached the defendant and looked into the car the defendant was driving, he noticed that the steering column on the car was broken and that keys that did not fit the ignition had been jammed into it. Consequently, suspecting that the car was stolen, he ran the license plate number of the car in the computer and discovered that the car was in fact stolen. He then arrested the defendant.
The defendant testified in his own behalf that he had borrowed the car he was driving from the home of an acquaintance of his named Luther McGee. He said that he needed a car so that he could go to the bank and cash a check. He said that Luther had told him that the steering column on his (Luther's) car had been broken when the car was stolen from him. Luther allegedly instructed the defendant to start the car by jamming the ill-fitting keys into the ignition and pulling down on the exposed steering rod. Luther McGee did not testify at trial.

ERRORS PATENT
The defendant was sentenced as a third felony offender to three and one third years at hard labor, with credit for time served and court costs waived. Under R.S. 15:529.1(A)(2)(a), the multiple bill statute, he should have received no less than one half the longest possible sentence prescribed for the offense.[1] The longest possible sentence for illegal possession of stolen things valued at $500.00 or more under R.S. 14:69(B) is ten years. Thus the minimum sentence the defendant should have received as a third felony offender was five years. The sentence of three and one third years is thus impermissibly lenient. However, since the State has not raised this issue on appeal, the sentence may not be vacated. State v. Fraser, 484 So.2d 122 (La.1986).

ASSIGNMENTS OF ERROR NOS. 1 AND 2
The defense contends that the trial court erred 1) in failing to declare a mistrial when the State allegedly referred to another crime committed by the defendant during opening statement and in allowing Officer Stokey to testify on direct examination about this same alleged other crime committed by defendant and 2) in allowing the State to exceed the scope of rebuttal by allowing Officer Stokey to testify regarding a check seized from the defendant upon his arrest.
During its opening statement the State stated that Officer Stokey initially approached the defendant because he thought the defendant "was still wanted under a warrant." The defense moved for a mistrial which the trial court denied.
Later, during the presentation of the State's own case-in-chief, Officer Stokey testified on direct that he approached the defendant initially because he thought that a warrant was outstanding for the defendant's arrest. Then, once he reached the defendant, he observed that the steering column on the car the defendant was driving was broken and consequently suspected that the car the defendant was driving was stolen. The defense made no objection to Stokey's testimony.
Because the defense made no objection to Stokey's testimony at trial, it cannot challenge the propriety of Stokey's comment on appeal. C.Cr.P. art. 841. This Court need only consider whether the State's comment made in its opening statement, constituted an impermissible reference to another crime warranting reversal.
C.Cr.P. art. 770 provides:
Art. 770. Prejudicial remarks; basis of mistrial

*1198 Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
(3) The failure of the defendant to testify in his own defense; or
(4) The refusal of the judge to direct a verdict.
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
The State in opening argument stated that Officer Stokey initially stopped the defendant because the officer thought that a warrant was outstanding for the defendant's arrest. Assuming that this comment is specific enough to constitute reference to another crime, it was nonetheless admissible, because it was offered "to explain the sequence of events leading to the arrest of the defendant." State v. Granier, 563 So.2d 1354 (La.App. 4th Cir.1990).
Even if the comment was improper, the error was harmless given the fact that the defendant himself acknowledged at trial that he had been convicted of at least two felonies. See, State v. Eastin, 419 So.2d 933 (La.1982). This assignment is without merit.
The defense also contends that the State exceeded the scope of rebuttal when it was permitted to call Officer Stokey as a rebuttal witness. A review of the record reveals that the defendant, on cross-examination, was shown a check, identified as State's exhibit number six, and asked if that was the check he was trying to cash at the bank when he was arrested. The defendant said that it was not. On rebuttal, the State called Officer Stokey who testified that the check, which was made payable to a Mr. and Ms. Bush, was the check seized by him from the defendant. This rebuttal testimony was thus offered to impeach the defendant's testimony and was proper. Additionally, the defense did not seek to offer surrebuttal testimony. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
The defense contends that insufficient evidence exists to support the conviction. Particularly, that insufficient evidence was offered to demonstrate that the defendant knew or should have known that the car was stolen.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987). In addition, when circumstantial evidence partly forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1983). The elements must be proven such that every reasonable hypothesis of innocence is excluded. R.S. 15:438. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
*1199 In State v. Wilson, 544 So.2d 1300 (La.App. 4th Cir.1989), the court considered whether the fact that the defendant was a willing passenger in a car with a broken steering column and a damaged passenger door lock was sufficient to demonstrate that the defendant knew or should have known that the car was stolen and concluded that it was sufficient. In Wilson, George Wilson was convicted of possession of a stolen car. On the day he was arrested, two police officers saw a Monte Carlo, belonging to one of the policeman's friends, drive by. They noticed that the cylinder door lock on the passenger side of the car had been pulled out. They stopped the car. Joseph Stokes was driving the car with Wilson as the guest passenger. The steering column was broken on the driver's side of the car. Stokes told the police that he had bought the car from someone for $100.00. The car was later found to be stolen. Both Stokes and Wilson were convicted of possession of stolen property under R.S. 14:69.
At Wilson's trial, Stokes testified in Wilson's behalf. He stated that on the morning of the arrest, he had offered Wilson, an acquaintance of his, a ride to a shopping center. He stated that Wilson did not know that the car was stolen. He testified that when Wilson had asked him to whom the car belonged he told Wilson that the car belonged to a friend of his. He also testified that Wilson could not see that the steering column was broken from where he sat on the passenger side.
This Court found that, notwithstanding this testimony, to which the jury obviously gave little weight, the facts that Wilson was a willing passenger in the car, that the steering column was broken and that the passenger door lock had been taken out were sufficient to prove that the defendant knew or should have known that the car was stolen.
The facts in this case are similar to those in Wilson. The defendant was found driving a car with a broken steering wheel and with keys that did not fit jammed into the ignition. His explanation that he had borrowed the car from his friend Luther, who told him that the steering column had been broken when the car was stolen from him, was not corroborated by Luther, who did not testify. The jury obviously did not believe the defendant. Under these facts, sufficient evidence was offered to show that the defendant knew or should have known that the car was stolen. This assignment of error is without merit.
Accordingly, defendant Warren Harris' conviction and sentence are hereby affirmed.
AFFIRMED.
NOTES
[1] R.S. 15:529.1(A)(2)(a) now provides that a third felony offender must receive no less than two thirds the maximum prescribed sentence. However, the offense in this case was committed before this amendment to R.S. 15:529(2)(A) went into effect. Thus the prior version of R.S. 15:529(2)(A) applies. State v. Gabriel, 533 So.2d 92 (La.App. 4th Cir.1988).