PLOTKIN, Judge.
Ronald J. Sanders was charged by bill of information on December 4, 1987, with possession of stolen property, a violation of LSA-R.S. 14:69. At his arraignment on January 7, 1988, he pleaded not guilty. However, after electing a bench trial, the *818 appellant was found to be guilty as charged by the trial court on February 22, 1988. He was sentenced on June 3, 1988, as a second offender under R.S. 15:529.1 to serve five years at hard labor. This Court granted his motion for an out-of-time appeal on August 21, 1992, and he now argues that the State failed to prove by a sufficiency of the evidence that the appellant had knowledge that the vehicle was stolen.
James Richard Thomas, a tourist in New Orleans, drove to the French Quarter on October 10, 1987, and parked his 1985 Cutlass Supreme on the corner of Burgundy and Iberville Streets. Two hours later when he returned, his car was not there. Assuming it had been towed, he walked to the car pound, and when it was not there, Thomas called the police and reported the Cutlass stolen. At 7 A.M. the next morning, the police called him to identify his car. He went to Fern and Olive Streets where he saw the appellant wearing his fraternity jacket that had been in the trunk of the car. The steering column of his car had been broken, the lock of the trunk was ripped off, one of the door locks was broken, and the back of the car was dented. The car cost $15,000 in 1985; and Thomas had given no one permission to drive it. The repairs cost $1,100. A screwdriver found in the car did not belong to Thomas.
NOPD Officer Cornell Day answered a call at Fern and Olive Streets about 7 A.M. on October 11, 1987, that a 1985 Cutlass with the motor running and a man asleep in the driver’s seat was blocking the corner. When Day arrived, he found the appellant asleep in the driver’s seat and handcuffed him. A screwdriver was between the two front seats. Day testified that the appellant said that someone had let him use the car.
Ronald Sanders testified that he was out drinking on October 10, 1987, at a bar and when he decided to go home about 2:30 A.M., a man from the bar room offered him a ride. They were riding on Lowerline when the man stopped, went upstairs and never came back. Sanders pulled the car over to the curb. He had spilled a drink on his shirt and took it off; the man who gave him a ride also gave him the blue jacket to put on. He said he was in the car from 2:30 A.M. until 7 A.M. and the car was running the entire time. He denied ever seeing the screwdriver or noticing that the steering column had been broken. Sanders admitted four prior convictions, three for theft and one for burglary of a residence.
Verna Peters testified that she is not acquainted with the appellant but she saw him in the bar room about 3:30 or 4 A.M. on October 11, 1987, asking for a ride home.
In order to convict a defendant of illegal possession of stolen things, the State must prove beyond a reasonable doubt the elements of the crime:
1) the property was stolen;
2) the property was of value;
3) the defendant knew or should have known the property was stolen;
4) the defendant intentionally possessed, procured, received or concealed the property.
The defense contends that insufficient evidence exists to support the conviction. Particularly, that insufficient evidence was offered to demonstrate that the defendant knew or should have known the car was stolen.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be prov *819 en such that every reasonable hypothesis of innocence is excluded. R.S. 15:438. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
In State v. Wilson, 544 So.2d 1300 (La.App. 4th Cir.1989), this Court considered whether the fact that the defendant was in a car with a broken steering column and door lock was sufficient to demonstrate that the defendant knew or should have known that the car was stolen and concluded that it was sufficient. Moreover, in Wilson, the driver of the car testified that Wilson was only a passenger and did not know the ear was stolen.
In this case, the appellant argues that an unknown person offered him a ride, and then left him in the car with the motor running, the steering column defeated, a door lock broken, the trunk lock broken and a screwdriver between the front seats. Under these facts, sufficient evidence was offered to show that the defendant knew or should have known that the car was stolen. This assignment of error is without merit.
Accordingly, the appellant’s conviction and sentence are affirmed.