729 So.2d 754 (1999)
STATE of Louisiana
v.
Derrick LAMPTON.
No. 97-KA-2616.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1999.
*755 Harry F. Connick, District Attorney, Karen Godail Arena, Assistant District Attorney, New Orleans, LA, Attorneys for Appellant.
Deborah K. Leith, Louisiana Appellate Project, New Orleans, LA, Attorney for Appellee.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge MIRIAM G. WALTZER, Judge Pro Tempore PHILIP C. CIACCIO.
WALTZER, Judge.
The state appeals the trial court's modification of the jury's verdict. The jury convicted defendant of possession of stolen property valued at five hundred dollars ($500.00) or more. The trial judge modified the verdict of guilty as charged to attempted possession of stolen property valued at less than one hundred dollars ($100.00).

STATEMENT OF CASE
Defendant was charged with illegal possession of stolen property valued at five hundred dollars ($500.00) or more; and, he pled not guilty. A six-member jury found him guilty of this charge. Defendant filed a motion for post-verdict judgment of acquittal; but the trial court denied this motion. However, the trial court modified the verdict and found Lampton guilty of attempted possession of stolen property valued at less than one hundred dollars ($100.00). The trial court then sentenced defendant to six months in parish prison and suspended this sentence pending the State's appeal.

STATEMENT OF FACT
Officer Howard Turner testified that on 23 February 1997, he was employed by the Harbor Police and was on patrol in the 6000 block of Douglas Street at 12:30 a.m. He came to a stop at a stop sign and saw four people around a white Toyota Camry. He testified that he was suspicious because many stolen vehicles had been recovered in that area. He radioed for backup; and after one of the individuals looked up and saw him, the four people ran in different directions. Turner testified that he pursued one of them and eventually found him hiding underneath a house. He identified this person as the defendant, and he testified that he saw defendant kneeling next to the left front tire of the Camry with a tire iron in his hand. Turner also testified that the hood of the car was still warm, that the speakers had been removed, and that the car's stereo was hanging by a wire. Of the other three people he saw there, Turner said that one stood on the other side of the car from defendant, another was leaning inside the front of the car, and the third stood at the rear of the car. None of the wheels had been removed from the car, and Turner testified that he did not see anyone running away with speakers in their hands. Turner also testified that defendant's car was at the scene.
Stephen Stewart testified that his parents bought the car in 1995 for $7,000 and that it was in good condition when it was stolen in February. He stated that when he got the car back, some of his stereo equipment was missing; the driver's side window was broken; the power locks were damaged; the trunk lock was broken; the ignition was damaged; and, the panel for the seat belt and the console were broken. He also testified that he had put custom wheels on the car.

DISCUSSION
In the sole assignment of error, the State complains that the trial court erred in modifying the jury's verdict. The State argues that the evidence supported the jury's conclusion that defendant was guilty of illegal possession of stolen property valued at more than five hundred dollars ($500.00), the stolen car.
LSA-C.Cr.P. art. 821(B) provides that a post-verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in the light most favorable to the State, does not reasonably support a finding of guilt. Section C of Article 821 provides:
If the court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render *756 a judgment of conviction on the lesser included responsive offense.
Article 821 is the correct vehicle for asserting the argument that the State failed to prove an essential element of the offense. State v. Allen, 440 So.2d 1330 (La.1983). This article tracks the language of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in setting the standard pertaining to motions for post-verdict judgments of acquittal. State v. Smith, 441 So.2d 739 (La.1983); State v. Voorhies, 590 So.2d 776 (La.App. 3 Cir.1991). The court is not to act as a thirteenth juror and decide whether it believes the witnesses or whether the verdict is contrary to the weight of the evidence. State v. Korman, 439 So.2d 1099 (La.App. 1 Cir.1983).
The jury found defendant guilty of illegal possession of stolen property valued at more than five hundred dollars ($500.00), a violation of LSA-R.S. 14:69. The elements of this offense are the following: (1) the item was stolen; (2) the item was worth more than five hundred dollars ($500.00); (3) the defendant knew or should have known that the property was stolen; and, (4) the defendant intentionally received the property. State v. Collins, 588 So.2d 766 (La.App. 4 Cir.1991).
In State v. Howkins, 516 So.2d 188 (La. App. 4 Cir.1987), the defendant and another man were seen by a police officer getting out of a blue Cadillac. When the two men saw the officer, they ran away, but the defendant was later apprehended. The police officer saw three Cadillac tires in the back seat of the blue Cadillac and another tire in the trunk. The officer then saw a gray Cadillac a short distance from the car in which the defendants were found, and all of its tires were missing. This car also had a broken rear window, a defeated steering column, missing speakers, and a missing air filter cap. An air filter and speakers were found inside the blue Cadillac, but the owner of the gray Cadillac did not testify that these items belonged to him. The defendant was found guilty of illegal possession of stolen property valued at more than five hundred dollars, namely the gray Cadillac. The defendant argued on appeal that the evidence was insufficient to show that he possessed the gray Cadillac and showed only that he possessed the tires and rims, which had a total value of less than five hundred dollars ($500.00). This court stated that in order to support a conviction for illegal possession of a stolen car, the State was not obligated to prove actual possession and that such a conviction could be supported by a showing of constructive possession, which existed when the item possessed was in the defendant's dominion and control. The court noted that the defendant was not seen any closer than fifteen feet to the stolen car and that no implements were found linking the defendant to the damage to the stolen car. The court found that it was reasonable to assume that the car had already been abandoned when the defendant found it and stole the tires and that the State failed to prove beyond a reasonable doubt that the defendant possessed the stolen Cadillac. The court concluded that the evidence clearly showed that the defendant possessed the stolen tires and rims, which were worth three hundred and twenty dollars ($320.00). The court vacated the jury's verdict and entered a conviction of guilty of illegal possession of stolen property valued at one hundred dollars ($100.00) or more but less than five hundred dollars ($500.00).
The State argues that the present case is distinguishable from Howkins because the stolen Camry's hood was still warm, indicating that it had been recently driven and that it was not simply abandoned. The State also points out that there was other evidence that the stolen car had not simply been abandoned, namely that the stereo was still in the car and the custom tires remained on it. The State argues that it was not reasonable to conclude that another thief would have left those things behind.
In modifying the jury's verdict, the trial judge stated:
Although it is correct it was [sic] certain stereo and radio equipment missing [sic] from the car, the harbor police officer in his testimony did not indicate that he observed either Derrick Lampton or anyone else who was there on the scene in possession of any of that stereo equipment. The radio which came out of the car, that was *757 never recovered. Also the evidence which is unrefuted is that Derrick Lampton, in my opinion, was about to do was about [sic] to take the tire off the car. He was going to steal the tire from the automobile. That's what I think he was going to do.
I do not know - there is no evidence to indicate that he took the stereo, no evidence to indicate that he took anything that came from the inside of that car. There was never any evidence to show that he was in that car. There was never evidence to show that he brought the car to that scene.
His car was there. He saw the car on the side of the road. I suspect he got out of his car, went to the car, was going to strip a part - the tire - when the policeman happened on the scene and found him.
I do not know that there is enough evidence there to say he was, in fact in possession of the entire vehicle based upon the evidence that was presented. I'm not saying that he is not without fault because he is at fault. He did, in fact, attempt to steal the tire from the automobile with the evidence, the wrench or whatever it was, in his hand to unloosen the bolts and take the tire off of the car.
The post-verdict judgment of acquittal I'm not going to find that he is not guilty. I would deny the motion to enter the post-verdict judgment of acquittal, but I would modify the verdict of the jury to find the defendant guilty of the charge of attempted possession of stolen property having a value of less than $100. That's what I believe the evidence supports in this case.
The record does not prove that the trial court erred in modifying the jury verdict. There was not enough evidence to show that he had constructive possession of the entire stolen vehicle. He was not seen inside the stolen Camry, and his own car was at the scene. His attempt to remove a tire from the vehicle does not amount to the exercise of dominion and control over the entire vehicle necessary to support a conclusion that he possessed the stolen car. This assignment of error is without merit.

CONCLUSION
We affirm the trial court's modification of the jury verdict, since the evidence supports the conclusion that Lampton attempted to possess the tire, having a value of less than one hundred dollars ($100.00). Accordingly, we affirm the defendant's conviction and sentence.
AFFIRMED.